# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armand Andreozzi,<br><br>        Petitioner,<br><br>v.<br><br>Kathryn Tracy,<br><br>        Respondent. | No. CV-16-00562-PHX-DGC (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Armand Andreozzi, who is confined in the Federal Correctional Institution-Phoenix serving a sentence that was imposed in military court-martial proceedings, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner raises one ground for relief alleging that his confinement in the Bureau of Prisons (BOP), from 2006 to the present, violates 10 U.S.C. § 812 because he is confined in immediate association with foreign nationals. (*Id.* at 4-5.) Respondent (the government) has filed a response arguing that the Petition should be dismissed because the military courts fully and fairly considered Petitioner's claim. (Doc. 11 at 4-6.) Respondent alternatively argues that Petitioner's claim lacks merit and that the Petition is an abuse of the writ. (Doc. 11 at 6-8.) Petitioner has filed a reply in support of his Petition. (Doc. 14.) Petitioner's reply includes a motion to strike several documents from the record. (*Id.* at 2-4.) For the reasons below, the Court recommends that the Petition and motion to strike be denied.

## I. Factual and Procedural Background

The pending Petition does not challenge the merits of Petitioner's court-martial proceedings. Therefore, Petitioner moves to strike from the record documents related to those proceedings. (Doc. 14 at 2-3.) Those proceedings, however, provide context for Petitioner's claim and, therefore, the Court briefly discusses those proceedings and recommends that the motion to strike be denied. Petitioner also moves to strike documents that include personal identifying information. The Court previously addressed this issue by placing Respondent's response and attachment documents under seal. (Doc. 15.)

### A. June 12, 1998 Court-Martial

On June 12, 1998, a panel of officers and enlisted members sitting as a general court-martial at Fort Carson, Colorado convicted Petitioner of rape, forcible sodomy, assault, burglary, kidnapping, and solicitation of another to assist in escape from pretrial confinement, in violation of several provisions of the Uniform Code of Military Justice (UCMJ).[1] (AR 96-98.)[2] Petitioner was sentenced to reduction in rank, forfeiture of all pay and allowances, confinement for twenty-seven years, and a dishonorable discharge. (AR 97.) The convening authority approved the sentence except for the forfeiture of pay and allowances, which was waived pursuant to Article 58b of the UCMJ and paid to Petitioner's spouse. (*Id.*)

Petitioner, through counsel, appealed his conviction to the United States Army Court of Criminal Appeals (ACCA). (AR 61-90.) On November 4, 2004, the ACCA affirmed the "findings of guilty and the sentence . . . ." (AR 61-88.) Petitioner then filed

---

[1] Courts-martial are convened by military officers who have been granted that authority under UCMJ. *See* 10 U.S.C. § 822. The convening authority is a commander with designated authority to convene a military court. 10 U.S.C. §§ 822-24. Under the UCMJ, Rule for Courts-Martial 1107, once a military judge or court members have adjudged a sentence, the convening authority may disapprove a legal sentence or change the nature of the punishment as long as the severity of the punishment is not increased.

[2] Citations to "AR" are to the Administrative Record that the government submitted as attachment 1 to its response. (Doc. 11, Attachment 1.) Consistent with the government's response, the Court refers to the Administrative Record by the numbers located on the bottom right corner of the pages of that document.

- 2 -

a "petition for grant of review" of the ACCA's decision in the United States Court of Appeals for the Armed Forces (CAAF). (AR. 60.) On October 4, 2005, the CAAF denied Petitioner's request for review. (*Id.*)

### B. November 13, 1998 Court-Martial

On November 13, 1998, Petitioner pleaded guilty to charges in a second court-martial and was found guilty of desertion, escaping confinement, larceny, wrongful appropriation of military property, assault, kidnapping, and unlawfully carrying a concealed weapon. (AR 93-95.) On November 13, 1998, Petitioner was sentenced to confinement for fifteen years and a dishonorable discharge. (AR 94.) On April 14, 1999, the convening authority approved the sentence. (*Id.* at 93-94.)

Petitioner, through counsel, appealed to the ACCA. (AR 92.) On October 19, 2001, the ACCA affirmed the November 13, 1998 findings of guilty and the sentence. (*Id.*) Petitioner filed a "petition for grant of review" of the ACCA's decision in the CAAF. (AR. 91.) On May 7, 2002, the CAAF denied Petitioner's request for review. (*Id.*)

### C. Dishonorable Discharge and Transfer to BOP

Following Petitioner's appeals, on December 6, 2005, he was dishonorably discharged from the U.S. Army. (AR 1, 56-59.) In accordance with a Memorandum of Agreement (MOA) between the U.S. Amy and the BOP, Petitioner was transferred to the BOP on January 17, 2006. (AR 34-36, 41-55.)

### D. Habeas Corpus Proceeding in the ACCA

In January 2016, Petitioner filed a petition for writ of habeas corpus with the ACCA challenging his detention within BOP. (AR 10-33.) Petitioner asserted that, although he was "housed" by BOP, he was in the custody of the armed forces serving a sentence imposed pursuant to a court-martial. (AR 16.) He argued that because he remained in the legal custody of the armed forces, he was entitled to habeas corpus relief because he was being confined in immediate association with foreign nationals in violation of 10 U.S.C. § 812. (*Id.*) On February 2, 2016, the ACCA denied relief. (AR

6.)  Petitioner requested reconsideration en banc, which was denied on February 26, 2016. (AR 2, 3-5.)

### E.  Habeas Corpus Proceeding in this Court

On February 29, 2016, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (Doc. 1.) In the pending habeas petition, Petitioner reasserts the argument he made in his habeas petition before the ACCA, and thus argues again that his confinement in the BOP from 2006 to the present violates 10 U.S.C. § 812, which prohibits the confinement of members of the armed forces in immediate association with enemy prisoners or other foreign nationals. (*Id.*)

## II.  Federal Habeas Review of Court-Martial Proceedings

Federal courts have jurisdiction over petitions for writ of habeas corpus filed by military prisoners. *Burns v. Wilson*, 346 U.S. 137 (1953). However, district court review is limited because "the military has its own independent criminal justice system governed by the Uniform Code of Military Justice." *Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 810 (10th Cir 1993.) The UCMJ is "all inclusive and provides, inter alia, for courts-martial, appellate review, and limited certiorari review by the United States Supreme Court." *Id.* The Supreme Court has held that the district court may not review de novo challenges to military courts-martial, unless the military courts have "manifestly refused to consider those claims." *Burns*, 346 U.S. at 142. Thus, a federal court's habeas corpus review of military court-martial proceedings is limited to determining whether the claims raised by the petitioner were exhausted in the military courts and, if so, whether they were given full and fair consideration by those courts. *See Lips*, 997 F.2d at 810; *Burns*, 346 U.S. at 144; *see also Daigle v. Warner*, 490 F.2d 358, 366 (9th Cir. 1974).

If a petitioner's claims were not raised in the military courts, he has not exhausted his military court remedies and the petition must be dismissed without prejudice. *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975). If the issues were raised in the military courts and given "full and fair consideration," the district court should also deny

the petition. *Lips*, 997 F.2d at 810 (explaining the full and fair consideration standard). If an issue was "briefed and argued" before a military court and disposed of, "even summarily," the federal habeas court should find that the claim was given full and fair consideration. *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986); *Lips*, 997 F.2d at 812 n.2. "The fact that the military court did not specifically address the issue in a written opinion is not controlling." *Maze v. Ledwith*, 2015 WL 5125444, at *2 (D. Kan. Sept. 1, 2015). The petitioner bears the burden of showing that the military review was "legally inadequate" to resolve his claims. *Watson*, 782 F.2d at 144 (citing *Burns*, 346 U.S. at 146).

### A. The "Full and Fair Consideration" Standard Applies to Petitioner's Claim

Petitioner argues that the full and fair consideration standard does not apply to his claim because he does not challenge the merits of the court-martial proceedings, but instead challenges his confinement in the BOP in immediate association with foreign nationals.[3] (Doc. 14 at 4-5.) Although Petitioner is correct that his claim does not challenge the merits of the underlying court-martial proceedings, his argument fails because the Supreme Court has held that the federal district courts should defer to "military tribunals in ancillary matters . . . ." *Noyd v. Bond*, 395 U.S. 683, 695-96 (1969).

In *Noyd*, the Court considered an Air Force officer's petition for writ of habeas corpus, following his conviction by general court-martial. *Id.* After the court-martial proceedings, the petitioner appealed the merits of his conviction to the Air Force Board of Review. *Id.* at 686. At the same time, the petitioner "sought habeas corpus relief from the civilian courts, arguing that the Uniform Code of Military Justice (Uniform Code) required that petitioner be released from confinement pending the outcome of his military

---

[3] Petitioner asserts that his detention in BOP violates 10 U.S.C. § 812, which provides that "[n]o member of the armed forces may be placed in confinement in immediate association with enemy prisoners or other foreign nationals not members of the armed forces."

appeal." *Id.* The petitioner argued that he should not be required to exhaust that claim in the military courts because it was an ancillary matter that did not concern the merits of his court-martial proceedings. *Id.* at 695. The Court rejected that argument. *Id.* at 696.

The Court first noted the "general rule that habeas corpus petitions from military prisoners should not be entertained by federal civilian courts until all available remedies within the military system have been invoked in vain." *Id.* at 692. The Court explained that the military courts should have the first opportunity to review alleged errors in military proceedings that could render review in federal civilian courts unnecessary. *Id.* at 693-94. The Court noted that a "substantial degree of civilian deference [is owed] to military tribunals" because "[i]n reviewing military decisions, [the federal courts] must accommodate the demands of individual rights and social order in a context which is far removed from those which we encounter in the ordinary run of civilian litigation . . . ." *Id.* at 694. "In doing so, [the federal courts] must interpret a legal tradition which is radically different from that which is common in civil courts." (*Id.*)

The Court concluded that the principles supporting deference to military tribunals applied to the petitioner's challenge to the legality of his detention because if the military courts "vindicate[d] petitioner's claim there [would] be no need for civilian judicial intervention." *Id.* at 695. The Court also stated that military courts were better suited to interpret the Uniform Code in the first instance. *Id.* Therefore, the Court held that the petitioner was required to exhaust his claim in the military courts before seeking federal habeas corpus review in the civilian courts. *Id.* at 698. Although exhaustion is not an issue in this case, *Noyd* is instructive because it recognizes that federal civilian courts should defer to military tribunals when reviewing the merits of court-martial proceedings and when reviewing ancillary matters, such as issues related to a petitioner's confinement. *See id.* at 695-96.

Petitioner first presented his pending claim to the ACCA in a petition for writ of habeas corpus. (AR 10-33.) The ACCA denied that claim, and denied Petitioner's motion for reconsideration. (AR 2-6.) Thus, Petitioner's claim was presented to the

- 6 -

military's "own independent criminal justice system."  *See Lips*, 997 F.2d at 810. Relying on *Noyd*, the Court concludes that the military court's determinations are entitled to deference and, therefore, the full and fair consideration standard applies in this case.

A recent decision from the District of Kansas, *Maze*, also supports this conclusion. In *Maze*, among other issues, the petitioner challenged his transfer from one place of confinement to another.  2015 WL 512544 at *4-5.  Similar to Petitioner's claim, this claim did not challenge the underlying court-martial proceeding.  However, the court applied the full and fair consideration standard to that claim and rejected it because the petitioner had not shown that the military court failed to fully and fairly consider his claim.  *Id.*  Therefore, the Court concludes that Petitioner's claim that his confinement in BOP violates 10 U.S.C. § 812 should be reviewed under the full and fair consideration standard.

**B.  Petitioner's Claim Received "Full and Fair Consideration" in the Military Courts**

After the ACCA affirmed Petitioner's court-martial proceedings, in January 2016, Petitioner filed a petition for writ of habeas corpus in the ACCA.  (AR 10-33.)  In that petition, Petitioner challenged his detention within the BOP.  Petitioner asserted that although he was "housed" by BOP, he was in the legal custody of the armed forces serving a sentence imposed pursuant to a court-martial.  (AR 16.)  He argued that because he remained in the legal custody of the armed forces, he was entitled to habeas corpus relief because he was being confined in immediate association with foreign nationals in violation of 10 U.S.C. § 812.  (*Id.*)  On February 2, 2016, the ACCA denied relief.  (AR 6.)  Petitioner requested reconsideration en banc, which was denied on February 26, 2016.  (AR 2, 3-5.)

The Petition before this Court also asserts that Petitioner is confined in immediate association with foreign nationals in violation of § 812. (Doc. 1.)  Petitioner fully briefed this issue in the military court.  (AR 10-33.)  The ACCA rejected this claim stating that "[o]n consideration of the Petition in the Nature of a Writ of Habeas Corpus, petitioner's

request is denied." (AR 6.) The ACCA also denied Petitioner's request for reconsideration. (AR 2, 3-5.) Because Petitioner's claim was fully briefed in the military court and that ACCA considered and disposed of this claim, the Court concludes that "the issue [was] given full and fair consideration." *See Watson*, 782 F.2d at 145 (stating that if an issue was "briefed and argued" before a military court and disposed of "even summarily," the claim was given full and fair consideration); *see also Lips*, 997 F.2d at 812 (whether the military court specifically addressed the issue in a written opinion is not controlling); *United States ex rel. Thompson v. Parker*, 399 F.2d 774, 776-77 (3d Cir. 1968) (holding that the military appellate court was not required to discuss a claim it found lacking merit, and determining that when the [CAAF] issued a one-sentence denial of a petition for review, this amounted to full and fair consideration). Petitioner has not shown that review in the military courts was "legally inadequate." *Watson*, 782 F.2d at 145.

Because the military courts gave the issues in the Petition full and fair consideration, this Court should deny the petition. *See Burns*, 346 U.S. at 14; *see also Gibbs v. Thomas*, 466 Fed. App'x 646 (9th Cir. 2012) (concluding that the district court properly denied habeas corpus relief because the military courts fully and fairly considered the petitioner's claims).

**III.   Alternative Review of the Merits of Petitioner's Claim**

Even if Petitioner's claim were properly before this Court, it should be denied on the merits. In 2006, after a dishonorable discharge from the military, Petitioner was transferred to the BOP to serve a sentence imposed by a military court-martial. The government argues that § 812 does not apply to Petitioner because that provision applies to a "member of the armed forces," and Petitioner ceased being a "member of the armed forces" when he was dishonorably discharged. (Doc. 11 at 6-7.) The government, however, does not cite any legal authority to support this argument. (*Id.*) The Court, therefore, does not decide this issue and assumes for the purpose of addressing Petitioner's claim that § 812 applies to Petitioner.

For Petitioner to prevail on his claim that his confinement in the BOP violates § 812, the record must reflect that he "is presently confined or ever has been confined in immediate association with enemy prisoners or other foreign nationals not members of the armed forces." *Kuykendall v. Taylor*, 285 F.2d 480, 481 (10th Cir. 1960). "The heart of this prohibition lies in the words 'in immediate association' and is not necessarily violated by the general confinement of the designated classes of prisoners within the same institution." *Id.*; *see United States v. Wise*, 64 M.J. 468 (A.F. Ct. Crim. App. 2007) (stating that § 812 only prohibits "immediate association" and interpreting § 812 as prohibiting "United States personnel from being confined in a manner so that they would be directly connected or combined with" enemy prisoners or other foreign nationals).

Petitioner has not submitted any evidence showing that he is currently confined, or has ever been confined, in immediate association with foreign nationals. The record reflects that Petitioner has been transferred within the BOP to ten different facilities since 2006. (AR 37-40.) Petitioner has not provided any evidence that any of his fellow inmates in these facilities were foreign nationals, or that he was confined in "immediate association" with any foreign nationals. Therefore, there is no factual support for Petitioner's claim.

In his Reply, Petitioner states that he has tried to obtain from BOP information about whether he was, or currently is, confined in immediate association with foreign nationals, but BOP has not provided the requested information. (Doc. 14 at 8-10.) Petitioner, however, does not indicate whether he has made any other efforts to obtain this information and does not allege that any particular inmate with whom he was, or is, confined is a foreign national. Petitioner's unsupported, conclusory allegations that he has been confined in immediate association with foreign nationals from 2006 to the present does not establish a violation of § 812.

**IV.   Conclusion**

The Petition should be denied because Petitioner received full and fair consideration of his claim in the military courts. Alternatively, assuming § 812 applies,

the Petition should be denied because Petitioner has not established a violation of that provision. The Court, therefore, does not reach Respondent's additional argument that the Petition should be denied as an abuse of the writ. (Doc. 11 at 7.)

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 1) and motion to strike (Doc. 14 at 2-4) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rule of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 7th day of July, 2016.

_____
Bridget S. Bade
United States Magistrate Judge