**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armand Andreozzi,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Kathryn Tracy,<br><br>　　　　　Respondent. | No. CV-16-00562-PHX-DGC<br><br>**ORDER** |

On February 29, 2016, Petitioner Armand Andreozzi filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. The Court referred the petition to Magistrate Judge Bridget S. Bade. Doc. 4 at 3. On July 8, 2016, Judge Bade issued a report and a recommendation that the Court deny the petition ("R&R"). Doc. 16. Petitioner filed pro se objections to the R&R (Doc. 19), and Respondent Kathryn Tracy filed a response (Doc. 22). For the reasons set forth below, the Court will accept Judge Bade's recommendation that the Petition be denied, but on a different basis.

**I.     Background.**

Judge Bade provided the following summary of Petitioner's convictions and habeas corpus petition:

**A.     June 12, 1998 Court-Martial**

On June 12, 1998, a panel of officers and enlisted members sitting as a general court-martial at Fort Carson, Colorado convicted Petitioner of rape, forcible sodomy, assault, burglary, kidnapping, and solicitation of another to assist in escape from pretrial confinement, in violation of several provisions of the Uniform Code of Military Justice (UCMJ). Petitioner was sentenced to reduction in rank, forfeiture of all pay and allowances,

confinement for twenty-seven years, and a dishonorable discharge. The convening authority approved the sentence except for the forfeiture of pay and allowances, which was waived pursuant to Article 58b of the UCMJ and paid to Petitioner's spouse.

Petitioner, through counsel, appealed his conviction to the United States Army Court of Criminal Appeals (ACCA). November 4, 2004, the ACCA affirmed the "findings of guilty and the sentence . . . ." Petitioner then filed a "petition for grant of review" of the ACCA's decision in the United States Court of Appeals for the Armed Forces (CAAF). On October 4, 2005, the CAAF denied Petitioner's request for review.

### B. November 13, 1998 Court-Martial

On November 13, 1998, Petitioner pleaded guilty to charges in a second court-martial and was found guilty of desertion, escaping confinement, larceny, wrongful appropriation of military property, assault, kidnapping, and unlawfully carrying a concealed weapon. On November 13, 1998, Petitioner was sentenced to confinement for fifteen years and a dishonorable discharge. On April 14, 1999, the convening authority approved the sentence. Petitioner, through counsel, appealed to the ACCA. On October 19, 2001, the ACCA affirmed the November 13, 1998 findings of guilty and the sentence. Petitioner filed a "petition for grant of review" of the ACCA's decision in the CAAF. On May 7, 2002, the CAAF denied Petitioner's request for review.

### C. Dishonorable Discharge and Transfer to BOP

Following Petitioner's appeals, on December 6, 2005, he was dishonorably discharged from the U.S. Army. In accordance with a Memorandum of Agreement (MOA) between the U.S. Amy and the BOP, Petitioner was transferred to the BOP on January 17, 2006.

### D. Habeas Corpus Proceeding in the ACCA

In January 2016, Petitioner filed a petition for writ of habeas corpus with the ACCA challenging his detention within BOP. Petitioner asserted that, although he was "housed" by BOP, he was in the custody of the armed forces serving a sentence imposed pursuant to a court-martial. He argued that because he remained in the legal custody of the armed forces, he was entitled to habeas corpus relief because he was being confined in immediate association with foreign nationals in violation of 10 U.S.C. § 812. On February 2, 2016, the ACCA denied relief. Petitioner requested reconsideration en banc, which was denied on February 26, 2016.

Doc. 16 at 2-4 (footnotes and citations omitted).

## II. The Petition and the R&R.

Petitioner again argues that he has been confined with foreign nationals in violation of 10 U.S.C. § 812, which prohibits the confinement of members of the armed services in close association with enemy prisoners or other foreign nationals. Doc. 1 at 1.

1  As a remedy, he seeks five days' credit to his sentence for every day his custody has
2  violated § 812. *Id.* at 9. He also argues that the Army Court of Criminal Appeals
3  ("ACCA") arbitrarily denied his petition for habeas corpus relief. *Id.* at 5.

4  Judge Bade found that the "full and fair consideration" standard applies to the
5  Court's collateral review of the ACCA's denial of Petitioner's habeas corpus petition. *Id.*
6  She concluded that federal courts should defer to military courts when reviewing the
7  merits of court-martial proceedings and any ancillary matters that have been considered
8  and decided by military courts. *Id.* at 6. She also determined that the ACCA's denial of
9  Petitioner's habeas petition constituted full and fair consideration because Petitioner fully
10 briefed and argued his claim before the ACCA. Judge Bade found that if an issue is fully
11 briefed before a military court, even a summary denial by that court constitutes full and
12 fair consideration. *Id.* at 5.

13 Judge Bade also found that Petitioner has provided no factual support for the
14 alleged violation of § 812. As a result, she found that Petitioner's claim should be denied
15 even if considered *de novo. Id.* at 9. Further, Judge Bade denied Petitioner's motion to
16 strike documents relating to his court-marital proceedings, finding that they provided
17 important context for this case. *Id.* at 2.

18 **III.    Petitioner's Objections.**

19 Petitioner first objects to the denial of his Rule 12(f) motion to strike "all matters
20 pertaining to Pet[itioners court martial proceedings], appeal, discharge, and
21 confinement". Doc. 14 at 2. According to Petitioner, those matters are "outside the
22 scope of the issues raised in this action." Doc. 19 at 1. Next, Petitioner argues that the
23 full and fair consideration standard does not apply to collateral review of his claim
24 because he does not challenge the merits of his court-martial proceedings or a matter
25 ancillary to those proceedings. *Id.* at 2-5. He asserts, in the alternative, that even if the
26 standard applies, it was not met in his case. *Id.* at 5-7. Finally, Petitioner objects to
27 Judge Bade's finding on the merits of his claim, again asserting that he is being confined
28 with foreign nationals in violation of § 812. The Court will review Petitioner's specific

- 3 -

objections de novo. *See* 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**IV.    Analysis.**

**A.    Motion to Strike.**

Under Rule 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Johnson v. Cal. Medical Facility Health Servs.*, 2015 WL 4508734, at *6 (E.D. Cal. July 24, 2015).

Petitioner argues that Respondent's pleadings, which contain records of Petitioner's charges, sentencing, appeal, discharge, and confinement, are "immaterial, impertinent, and are an insufficient defense to the issues raised in the petition and fall squarely within the parameters of Rule 12(f) to be stricken." Doc. 19 at 1. Judge Bade found that the records provide context for Petitioner's claim. Doc. 16 at 2. The Court agrees. Petitioner's claims concern his status within the military, the adequacy of the consideration his claims received in military court, and the nature of his current claim under § 812. The records are relevant to Petitioner's claims.

**B.    Habeas Claim.**

Petitioner filed a petition for habeas relief under 28 U.S.C. § 2241. The government did not assert that this was an improper form of relief, and Judge Bade dealt with his claim as a habeas petition. The Court concludes, however, that Petitioner seeks relief that cannot be obtained through a habeas petition.

There are "well-recognized boundaries between habeas corpus and civil rights claims." *Glaus v. Anderson*, 408 F.3d 382, 385 (7th Cir. 2005). As the Supreme Court has made clear, habeas claims are proper only when an individual is challenging the validity or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475 (1973), 498-99. The Ninth Circuit has echoed this distinction:

>Suits challenging the validity of the prisoner's continued incarceration lie within the heart of habeas corpus, whereas a § 1983 action is a proper remedy for a . . . prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.

*Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (internal citations omitted).  In a recent *en banc* decision, the Ninth Circuit confirmed that cases challenging conditions of confinement, rather than the fact or duration of confinement, cannot be brought as habeas claims.  *Nettles v. Grounds*, --- F.3d ---, No. 12-16935, 2016 WL 4072465, at *9 (9th Cir. July 26, 2016) ("Because success on Nettles's claims would not necessarily lead to his immediate or earlier release from confinement, Nettles's claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983.") (citation omitted).

In *Glaus*, a federal prisoner filed a habeas petition alleging a violation of his Eighth Amendment rights based on prison officials' indifference to his need for medical treatment, and requested transfer to a prison medical facility or release from custody to obtain treatment.  408 F.3d at 384.  The Seventh Circuit upheld the district court's dismissal of the petition, noting that it "was really a classic 'conditions of confinement' claim" which should be brought as a civil rights action.  *Id.* at 386; *see also Wiley v. Holt*, 42 F. App'x 399, 400 (10th Cir. 2002) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.  In contrast, a civil rights action attacks the conditions of the prisoner's confinement.") (internal citation omitted).

Here, Petitioner does not challenge the validity or duration of his confinement.  He challenges a condition of his confinement – being housed with foreign nationals.  Doc. 19.  The fact that petitioner asks for a remedy that would shorten his sentence does not change the underlying nature of his claim.  Doc. 1.  The petitioner in *Glaus* also sought early release, but the court held that habeas corpus was not the proper avenue for his claim.  408 F.3d at 384.  *Glaus* noted that release was not an available remedy for an Eighth Amendment deliberate indifference claim.  Similarly, Petitioner has presented no

authority to suggest that a reduced sentence is an appropriate remedy for violation of § 812.

A court may recharacterize an improperly labeled habeas petition as a civil rights claim, and deal with it as recharacterized. *See Nelson v. Campbell*, 541 U.S. 637, 647 (2004); *Glaus*, 408 F.3d at 388; *Weaver v. Sanders*, No. CV 13-3269-FMO JPR, 2013 WL 2147806, at *2 (C.D. Cal. May 16, 2013). But the court in *Glaus* recognized several factors that recommend caution before recharacterizing a habeas petition. 408 F.3d at 388. These include discrepancies in the identification of the defendant, the nature of the relief sought, relevant exhaustion requirements for filing, and the amount of the filing fee. *Id.* Here, as in *Glaus*, the warden has been named as the respondent and may not be the correct or exclusive defendant in a civil rights action. It does not appear that the decision to house Petitioner in the Bureau of Prisons was the Warden's. Petitioner may need to seek relief against the Department of the Army or the Bureau of Prisons. *See Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) ("The right respondent in a § 2254 action is the warden of the prison; the right defendants in a § 1983 suit are the persons whose wrongful acts harmed the plaintiff (and the warden is rarely a proper defendant, because he is not vicariously liable for subordinates' acts).").

In addition, because Petitioner is complaining about where he has been housed by *federal* officials, his civil rights claim may need to be brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), if it can be maintained under the *Bivens* doctrine. As the Seventh Circuit noted in *Glaus*, however, "federal prisoners suing under *Bivens* may sue relevant officials in their individual capacity only. In this instance, Glaus's suit against the warden appears to be an action against the warden in his official capacity." 408 F.3d at 389. The same is true of Petitioner's claim.

Considering the nature of Petitioner's allegations, the Court declines to recharacterize Petitioner's complaint as a civil rights suit. The Court instead will deny the petition without prejudice so Petitioner can consider pursuing his claim as a civil

rights action. This comports with the recognition in *Glaus* that recharacterization should occur only "in a narrow set of circumstances." *Id.* at 388; *see also Nettles*, 2016 WL 4072465, at *9-10 (discussing *Glaus* favorably).[1]

The Court expresses no view on whether Petitioner can plead or prevail on a civil rights claim.

**IT IS ORDERED**

1. The Petition for writ of habeas corpus (Doc. 1) is **denied** without prejudice.
2. The Clerk of the Court is directed to **terminate** this action.
3. A certificate of appealability is **denied** because the Court concludes that the Petition plainly cannot be pursued as a habeas action and the Court should not recharacterize it as a civil rights claim. The Court does not believe that reasonable jurists would disagree, particularly in light of the Ninth Circuit's recent decision in *Nettles*, 2016 WL 4072465.

Dated this 3rd day of October, 2016.

_____
David G. Campbell
United States District Judge

---

[1] Judge Bade concluded that Petitioner's claim fails on the merits because he has not shown that he has been confined in "immediate association" with foreign nationals. Doc. 16 at 8-9. The Court agrees with this analysis under § 812, and would affirm on the merits were it not for the fact that Judge Bade's decision is based on petitioner's failure to produce evidence in this case. Because the Court has concluded that this case should not have proceeded under the habeas statute, and should be dismissed without prejudice to allow a possible civil rights action, the Court also concludes that it should not dismiss on the merits due to a failure to produce evidence in this proceeding. If Petitioner can make out a viable civil rights claim, he may be able in that case to produce the evidence lacking here. Nor will the Court attempt to resolve the government's argument that § 812 does not apply to Petitioner because he has been dishonorably discharged from the military and thus is no longer a "member of the armed forces." Doc. 22 at 4. The Court would address this issue if it recharacterized this action and retained jurisdiction, but concludes that it should not engage in further merits analysis given its lack of jurisdiction over this action as a habeas petition.